[No. 643.   March 1, 1897.]

# RIO GRANDE IRRIGATION & COLONIZATION COMPANY, Plaintiff in Error, v. CHARLES H. GILDERSLEEVE, Defendant in Error.

JUDGMENT BY DEFAULT—RECITAL.—In a judgment by default, it is not necessary to recite that defendant has been called.

ID.—CORPORATIONS—WITHDRAWAL OF APPEARANCE—RATIFICATION.— Defendant could not complain of the absence of an order granting leave to withdraw its appearance, by attorney, where the court in granting a judgment by default ratified the act of withdrawal.

ID.—MOTION TO VACATE—SUFFICIENCY.—It was not error to overrule a second motion to vacate a judgment by default, where no motion to vacate the judgment was filed until two months after its entry, and no affidavit of merits for a year, and not until after the first motion had been overruled.

*Error*, from a judgment for plaintiff by default, to the Second Judicial District Court, Bernalillo County.   Affirmed.

The facts are stated in the opinion of the court.

F. W. CLANCY for plaintiff in error.

The appearance of a defendant, once regularly entered, can not be withdrawn without leave of court.   U. S. v. Curry, 6 How. 111; see, also, Michew v. McCoy, 3 W. & Sarg. 501; Dana v. Adams, 13 Ill. 692, 693; Creighton v. Kerr, 20 Wall. 13.

The record does not show that the defendant below ever attempted to withdraw its appearance. 20 Am. and Eng. Ency. Law, 475, and cases cited; Fisher v. Cockerell, 5 Pet. 254; Sargeant v. State Bank, 12 How. 384, 385; Bronson v. Schulten, 104 U. S. 412, 413; England v. Gebhardt, 112 Id. 505; Vanderkarr v. State, 51 Ind. 95; Kirby v. Wood, 16 Me. 82,

83; Storer v. White, 7 Mass. 448; Pierce v. Adams, 8 Mass. 383; Sharp v. Danguy, 33 Cal. 12, 13; Nichols v. Bridgeport, 27 Conn. 465, 466; Newman v. State, 14 Wis. 430, 431. See, also, Bowen v. State, 9 N. E. Rep. 379; Applegate v. White, 79 Ind. 413; Indianapolis v. Kollman, Id. 508, 509.

No presumption can be invoked to aid the record in this case.   Hudson v. Breeding, 7 Ark. 445; Cole v. Allen, 51 Ind. 122; Galpin v. Page, 18 Wall. 366, 367.

The record does not show the entry of any default.   Davidson v. Murphy, 13 Conn. 217, 219; Wales v. Smith, Id. 217, note; O'Connell v. Hotchkiss, 44 Id. 53, 54; 10 Went. Pl. 429-439.

WARREN, FERGUSSON & GILLETT for defendant in error.

BANTZ, J.—The defendant below was only served with process, and on the third day of August, 1894, entered its appearance by attorney.   On the fifteenth of September the attorney, in writing, withdrew appearance of the defendant, and on the same day judgment was taken for failure to appear. On October 5th execution was issued, and on October 26th return was made of nulla bona.   On November 15th defendant filed its motion to vacate the judgment.   This motion was not argued and submitted until September 6th of the following year (1895), when it was overruled.   Three days afterwards another motion to vacate was filed with an affidavit of merit. This motion was likewise overruled, and the cause is brought here on writ of error.

Section 4, chapter 66, Acts 1891, entitles the plaintiff to a judgment if the defendant fails to appear, and it may be rendered at any place in the district.   There was no occasion for the judgment to recite that the defendant had been called.   The absence of an order granting leave to withdraw the appearance of the defendant was not a matter of which defendant could complain.   The court, in granting the judgment, ratified the act of withdrawal.   It is not pretended that any

JUDGMENT by default: recital.

collusion was practiced between the plaintiff
CORPORATIONS: and the defendant's attorney, nor that the at-
withdrawal of torney, either in entering or withdrawing de-
appearance:
ratification. fendant's appearance, acted without authority
or by mistake. It is urged that the withdrawal
has not been preserved properly in the record brought to this
court, and our attention is called to its recital in the record
proper, where it is claimed to have been improperly copied
by the clerk in preparing the transcript. But the written
withdrawal was also preserved by the bill of exceptions.

The affidavit of merit does not charge that the resolutions
of the board of directors of defendant company authorizing
and afterwards recognizing the creation of the debt were
fraudulently or collusively procured, but it is
MOTION to vacate: charged that the corporation received no benefit
sufficiency. from the note, which was really for the bene-
fit of the indorser now suing upon it. An
affidavit of merit would not alone be sufficient to entitle a de-
faulting party to have a judgment against it set aside, and
much less entitle it to a reversal of the district court for refus-
ing to set the judgment aside. Trial courts have a liberal
discretion over such matters, which an appellate court has
not. This judgment was rendered September 15, 1894; yet
the affidavit of merit was not filed till September 9, 1895,
after a motion to vacate the judgment had been overruled.
The affidavit of merit filed in support of the second
motion to vacate sets out that affiant had been employed as
attorney by certain of the stockholders of defendant company
in another suit, and communicated to them the fact of this
judgment, "some weeks after the judgment had been ob-
tained," "in the month of October, 1894," and that he was
employed as attorney for the company on the seventh of No-
vember, 1894. Rule 29 provides that no motion to set aside
judgments rendered in vacation shall be entertained unless
filed, and a copy thereof served on the opposite party, within
ten days after the entry of such judgment. It will not be
necessary to determine whether the court below could have

set aside the judgment on an application filed after the ten days had expired if a diligent effort and a showing of merit had been made, but there was such an apparent lack of diligence in this case that we think the trial court properly refused to set the judgment aside. There is no error in the record, and the judgment must be affirmed.

Smith, C. J., and Laughlin, J., concur.